UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCEPTANCE CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MRVK HOSPITALITY GROUP LIMITED LIABILITY COMPANY, et al.,<br><br>Defendants. | Case No. 1:21-cv-01359-ADA-EPG<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENY DEFENDANT'S REQUEST FOR JUDICIAL NOTICE<br><br>(ECF Nos. 18, 22-1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

This case concerns an insurance coverage dispute over whether Plaintiff Acceptance Casualty Insurance Company (ACIC) has a duty to defend a state court lawsuit alleging that Defendant MRVK Hospitality Group Limited Liability Company (MRVK) is liable for injuries that two people sustained from a shooting occurring on its property.

ACIC moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), seeking a declaration that it has no duty to defend MRVK because the policy excludes coverage for claims arising out of assault and/or battery. (ECF No. 18). Additionally, ACIC seeks a declaration that it is entitled to reimbursement for defense costs that it has paid in the state court case. Citing various affirmative defenses from its answer, MRVK argues that the motion should not be granted because there are outstanding factual issues that need to be resolved. (ECF No. 22). In support of its opposition, MRVK includes a request for judicial notice of two California Department of Insurance licensing records. (ECF No. 22-1).

For the reasons explained below, the Court will recommend that ACIC's motion for judgment on the pleadings be granted and that the District Court enter an order declaring that MRVK is not entitled to coverage under the policy and that ACIC is entitled to reimbursement for the defense costs it has paid in the state court case. Additionally, the Court will recommend that MRVK's request for judicial notice be denied.

## I.  BACKGROUND

On September 9, 2021, ACIC filed a complaint for declaratory judgment against MRVK, Vanessa Miranda, Tyme Nassim, and Does 1-50. (ECF No. 1). ACIC voluntarily dismissed Miranda and Nassim on January 20, 2022, and it has not identified any of the Doe Defendants. (ECF No. 16). The pertinent allegations in the complaint are as follows.

ACIC is an insurance company and issued a commercial general liability policy, effective from November 8, 2018 to November 8, 2019, to "MRVK Hospitality Group, LLC, Travelers Motel-Modesto," with the business description on the policy being listed as "Motel and LRO Bar." (*Id.* at 3, 6). MRVK is the owner of a property in Modesto, California. On or around April 21, 2019, a large concert was held at the property, and a person shot Miranda and Nassim.[1]

Miranda and Nassim filed a personal injury lawsuit against MRVK (and other defendants not at issue here) in the Stanislaus County Superior Court (Case Number CV-19-006990), alleging negligence and premises-liability claims based on the alleged failure to provide adequate security at the concert.[2] MRVK tendered its defense and indemnity for the state court suit, and on or about August 5, 2020, ACIC agreed to defend the state court case under a reservation of rights, noting an exclusion in the policy for any claims arising out of "assault and/or battery."[3] (*Id.* at 5). ACIC appointed the law firm of Clinton & Clinton to defend MRVK, which defense has continued to the filing of the complaint.[4]

---

[1] MRVK's opposition states that it operates the Travelers Motel and leases space on the property to a bar called "Tilted Turtle," which is where the shooting occurred. (ECF No. 22, p. 9). This appears to be offered as an explanation for why the business description in the policy is listed as "Motel and LRO Bar." (ECF No. 1-2, p. 5).

[2] ACIC attaches the state court complaint, which was filed in November 2019, but this complaint does not list MRVK as a defendant. (ECF No. 1-1, p. 2). However, MRVK's opposition explains that MRVK was later substituted for a Doe defendant in a May 2020 amendment. (ECF No. 22, p. 11).

[3] For readability, minor modifications, such as omitting capitalization, have been made to some quotations, without indicating each change.

[4] ACIC's motion for judgment on the pleadings notes that the defense has continued "through the present."

ACIC brings two causes of action for declaratory relief. The first seeks a declaration that MRVK is not entitled to coverage under the policy, including defense and/or indemnity, in connection with the state court case. The second seeks a declaration that it is entitled to reimbursement for the costs it has expended in defending MRVK in the state court case.

On January 4, 2022, MRVK filed an answer admitting, among other things, the following: (1) ACIC issued it a commercial general liability policy effective from November 8, 2018 to November 8, 2019; (2) this policy contained an exclusion for claims arising from assault and/or battery; (3) it owned at all times relevant in the complaint the property that is the subject of the state court case; (4) it tendered a defense and indemnity of the state court case to ACIC; (5) ACIC agreed to defend it under a reservation of rights regarding the assault and/or battery exclusion; and (6) and ACIC appointed the law firm of Clinton and Clinton to defend it in the state court case. (ECF No. 15). Additionally, MRVK's answer raises ten affirmative defenses, including waiver, estoppel, and unclean hands.

On January 26, 2022, ACIC filed its motion for judgment on the pleadings. (ECF No. 18). On February 15, 2022, MRVK filed its opposition and request for judicial notice. (ECF No. 22). On February 21, 2022, ACIC filed its reply. (ECF No. 23).

On August 24, 2022, this case was reassigned to District Judge Ana de Alba. (ECF No. 24). On September 12, 2022, Judge de Alba referred the motion for judgment on the pleadings for preparation of findings and recommendations and/or other appropriate action. (ECF No. 27).

## II.   OVERVIEW OF THE PARTIES' POSITIONS

### A.   Motion for Judgment on the Pleadings

ACIC argues that it has no duty to defend MRVK in the state court action because the shooting at the rap concert falls within the policy's exclusion for claims arising from assault and/or battery. (ECF No. 18). In support, ACIC primarily relies on *Northfield Ins. Co. v. Sandy's Place, LLC*, 530 F. Supp. 3d 952 (E.D. Cal. 2021), which determined that a similarly-worded-policy exclusion exempted an insurance company from having to defend its insured in a state court action involving a shooting at a bar. Additionally, ACIC argues that, because it has no duty to defend the state court action, California law authorizes it to seek reimbursement for the defense

---

(ECF No. 18, p. 10).

costs it has paid in the state court case on MRVK's behalf.

### B. Opposition and Request for Judicial Notice

MRVK offers no opposition to ACIC's arguments that the shooting falls within the terms of the assault and/or battery exclusion and that California law allows ACIC to seek reimbursement for its defense costs. (ECF No. 22). However, MRVK argues that its affirmative defenses turn on factual issues that preclude judgment on the pleadings. Specifically, it states that there may be issues relating to: when or how it was notified of the assault and/or battery exclusion; the conduct of third parties who were involved in issuing the policy; and, ACIC's failure to provide it independent counsel in the state court case.

In support of its opposition, MRVK asks the Court to take judicial notice of two licensing records from the California Department of Insurance regarding the third parties that were involved in issuing the policy and whom MRVK suggests could have misrepresented the scope of coverage in this case as agents of ACIC.

### C. Reply

ACIC's reply argues that MRVK has not adequately pled any of its affirmative defenses in its answer and that, in any event, the affirmative defenses do not preclude judgment on the pleadings. (ECF No. 23).

## III. STANDARDS

Federal Rule of Civil Procedure 12(c) provides that "a party may move for judgment on the pleadings" "[a]fter the pleadings are closed—but early enough not to delay trial." A motion for judgment on the pleadings "is functionally identical to a Rule 12(b)(6) motion." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (internal citations and quotation marks omitted). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). When ruling on such a motion, "courts must consider the complaint in its entirety, as well as other sources . . . , in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (quoting *Tellabs, Inc. v. Makor Issues &*

*Rts., Ltd.*, 551 U.S. 308, 322 (2007)).

## IV. DISCUSSION

### A. Material Facts

#### 1. Undisputed facts

The Court first considers whether, on the face of the pleadings, any material issue of fact remains to be resolved. Notably, MRVK's answer admits that ACIC issued it a commercial general liability policy effective from November 8, 2018 to November 8, 2019, which contained an exclusion for claims arising from assault and/or battery. (ECF No. 15). And it admits that it owns the property that is the subject of the state court case and, after tendering a defense and indemnity of the state court case, ACIC agreed to defend it under a reservation of rights, appointing the law firm of Clinton and Clinton. Moreover, MRVK does not contest ACIC's argument that the terms of the assault and/or battery exclusion apply to the shooting, nor that ACIC would be entitled to reimbursement for its defense costs if it has no duty to defend the state court case.

However, MRCK argues that the affirmative defenses it raises in its answer preclude judgment on the pleadings.

#### 2. Affirmative defenses

Under Rule 8(c), "a party must affirmatively state any avoidance or affirmative defense." "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 262 (E.D. Cal. 1987). "[A] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). However, a defendant's mere assertion of affirmative defenses is not enough; rather, "to withstand the motion, those affirmative defenses must be adequately pleaded." *Westport Ins. Corp. v. N. California Relief*, 76 F. Supp. 3d 869, 882 (N.D. Cal. 2014).

Accordingly, the Court must first evaluate whether MRVK has adequately pled

affirmative defenses to preclude judgment on the pleadings. Of the ten affirmative defenses contained in the answer, MRVK states that its third, fourth, sixth, eighth, ninth, and tenth affirmative defenses "implicate questions of fact and preclude judgment on the pleadings." (ECF No. 22, p. 14). The answer states as follows for each of these affirmative defenses:

### THIRD AFFIRMATIVE DEFENSE

As a third, separate defense to all claims for relief alleged in the Complaint, MRVK alleges as to each and every cause of action and claim that ACIC has waived any defenses to coverage under the policy, including any defense available to it under the Assault and/or Battery Exclusion or any other.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate defense to all claims for relief alleged in the Complaint, MRVK alleges as to each and every cause of action and claim that ACIC is estopped to assert any defenses to coverage under the policy, including any defense available to it under the Complete Assault and/or Battery Exclusion or any other.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate defense to all claims for relief alleged in the Complaint, MRVK alleges that the Complaint and each of its causes of action alleged against MRVK by ACIC are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate defense to all claims for relief alleged in the Complaint, MRVK alleges that ACIC's assumption of the defense of MRVK in the underlying action was undertaken primarily to advance ACIC's own interests, and not primarily to benefit MRVK and as such its claim for reimbursement is barred.

### NINTH AFFIRMATIVE DEFENSE

As a ninth, separate defense to all claims for relief alleged in the Complaint, MRVK alleges that ACIC's pursuit of declaratory relief against MRVK during the pendency of the underlying litigation against MRVK is contrary to California law.

### TENTH AFFIRMATIVE DEFENSE

As a tenth, separate defense to all claims for relief alleged in the Complaint, MRVK alleges that ACIC knew, or in the exercise of reasonable care should have known, that the expense of defending MRVK in the underlying litigation and deferring a determination of its coverage obligations until the conclusion of that action, was assumed by ACIC as part of its duty to defend under California law.

(ECF No. 15, pp. 5-6).

For the first time in its opposition, MRVK states that, if certain facts were later discovered, these affirmative defenses may preclude judgment on the pleadings. Specifically, it states that "to the extent that the assault/battery exclusion was endorsed to the policy after inception of ACIC's initial coverage period and/or upon renewal and ACIC failed to provide proper notice to MRVK, ACIC may be precluded from enforcing that exclusion pursuant to, among others, MRVK's First, Second, Third, Fourth, Sixth, and/or Ninth Affirmative Defenses."[5] (ECF No. 22, p. 16). Additionally, "to the extent that Bass and/or Coastal Valley [who are third parties involved in the issuance of the policy] were acting as the agent(s) of ACIC in issuing the ACIC policy to MRVK, and failed to properly explain, provide notice to—or indeed, misrepresented the scope of coverage provided by way of the ACIC policy to MRVK, MRVK may be precluded from asserting the assault/battery limitation against MRVK in connection with the Underlying Action." (*Id.* at 18). Lastly, it asserts that ACIC's failure to provide it "independent counsel" in the state court case supports its "properly pleaded affirmative defenses, including that ACIC has waived its coverage defenses and/or is estopped to assert them, as explicitly alleged in its Third, Fourth and Ninth affirmative defenses." (*Id.* at 21).

Noting that a party is unable to raise new material facts for the first time in an opposition, ACIC counters that "neither . . . [MRVK's] Answer nor Opposition . . . offer a plausible theory for the manner in which these conclusory and formulaic recitations could defeat coverage." (ECF No. 23, pp. 5, 7).

As an initial matter, the Court agrees that it is improper to look to facts raised for the first time in MRVK's opposition for purposes of evaluating the affirmative defenses raised in MRVK's answer.[6] *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

As for how the affirmative defenses are presented in the answer itself, the Court notes that

---

[5] Although MRVK also lists its first (asserting defense for failure to state a claim upon which relief can be granted) and second (asserting defense based on the statute of limitations) affirmative defenses here, it makes no developed argument as to how either applies.

[6] As discussed below, even if the Court were to consider the factual allegations in the opposition, they are insufficient to preclude judgment on the pleadings.

7

there is debate within the Ninth Circuit about which standard governs the pleading of an affirmative defense—*i.e.*, the plausibility standard from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), or the fair-notice standard from *Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. 1979). *See generally United States v. Gibson Wine Co.*, No. 1:15-CV-1900-AWI-SKO, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016) (providing an overview of the debate on this issue); *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 993 (E.D. Cal. 2016) (applying fair-notice standard); *Wild v. Benchmark Pest Control, Inc.*, No. 1:15-CV-01876- JLT, 2016 WL 1046925, at *1 (E.D. Cal. Mar. 16, 2016) (applying *Twombly/Iqbal* standard). However, the Court need not resolve which applies here because, even under the more favorable fair-notice standard, MRVK has not adequately pled its affirmative defenses.

"Although fair notice is a low bar that does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses." *Gibson Wine Co.*, 2016 WL 1626988, at *5 (internal citations and quotation marks omitted). "Simply referring to a doctrine or statute is insufficient to afford fair notice," and a court need "not accept fact-barren affirmative defenses or bare references to doctrines or statutes because such pleadings do not afford fair notice of the nature of the defense pleaded." *Id.*

With this in mind, MRVK provides no facts in its answer giving fair notice of its affirmative defenses. For example, although MRVK asserts "that ACIC has waived any defenses to coverage under the policy" and "is estopped to assert any defenses to coverage under the policy" it fails to provide any facts showing that ACIC has waived or is estopped from asserting such defenses. *See Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*, No. 1:12-CV-01310-LJO-SMS, 2015 WL 5732595, at *11 (E.D. Cal. Sept. 28, 2015) (concluding that affirmative defenses of waiver and estoppel were insufficiently pled where the defendant "assert[ed] these defenses only by reference and without any explanation as to how they relate to the case"). Similarly, while MRVK's ninth and tenth affirmative defenses generally appear to argue that ACIC has a duty to defend it under California law, it fails to offer sufficient factual or legal support for either defense.

Accordingly, MRVK's failure to adequately plead any of its affirmative defenses

precludes it from relying on them to oppose ACIC's motion for judgment on the pleadings.

### 3. Facts contained in the opposition

Even assuming, *arguendo*, that MRVK had included the facts from its opposition in its answer, none would preclude judgment on the pleadings. These new facts fall within three general categories: (1) issues relating to when or how it was notified of the assault and/or battery exclusion; (2) the conduct of third parties who were involved in issuing the policy, (3) and ACIC's failure to provide it independent counsel in the state court case.

#### a. Notification of the assault and/or battery exclusion

MRVK's first argument points out that the policy has a renewal number, which must mean that there has been "at least one [] prior policy [] issued to MRVK by ACIC." (ECF No. 22, p. 16). Citing California law that requires changes in insurance coverage to be in clear and conspicuous writing, it argues that "to the extent that the assault/battery exclusion was endorsed to the policy after inception of ACIC's initial coverage period and/or upon renewal and ACIC failed to provide proper notice to MRVK, ACIC may be precluded from enforcing that exclusion." (*Id.*); *see Casey v. Metro. Life Ins. Co.*, 688 F. Supp. 2d 1086, 1095 (E.D. Cal. 2010) ("Under California law, changes to insurance coverage must be in a clear and conspicuous writing. "The rule is and should be: Deletions or exclusions from a renewal group policy should be communicated and explained to the subscriber by a plain, clear and conspicuous writing.") (quoting *Fields v. Blue Shield of Calif.*, 163 Cal. App. 3d 570, 583, (1985)).

ACIC counters that this argument is based on "speculation" as to the material facts, and that, assuming MRVK's cited authority applied, the assault and/or battery exclusion was clear and conspicuous.[7] (ECF No. 23, p. 12).

The Court agrees that MRVK's argument is based on speculation. Notably, it does not

---

[7] ACIC argues that the law cited by MRVK applies to only renewal of group policies, not commercial general liability insurance policies like the one at issue here. (ECF No. 23, pp. 11-12). However, caselaw indicates that the requirement for exclusions to be clear and conspicuous is not limited to group policies. *See Cal-Farm Ins. Co. v. TAC Exterminators, Inc.*, 172 Cal. App. 3d 564, 577 (Ct. App. 1985) (discussing a general liability insurance policy and noting that "exclusions or exceptions must be conspicuous, plain, and clear"); *see also Northfield Ins. Co.*, 530 F. Supp. 3d at 963 (discussing a commercial general liability insurance policy and noting that "[i]t is the insurer's burden to demonstrate that an exclusion or limitation in coverage is both 'plain and clear' and 'conspicuous.'") (internal citation omitted). Ultimately, because there are other bases to reject MRVK's argument, the Court need not resolve this issue.

provide facts showing that the assault and/or battery exclusion was included for the first time in the policy at issue, nor does it explain how ACIC failed to provide it proper notice of the exclusion; rather, it suggests that discovery may allow it "to investigate the facts underlying its affirmative defenses." (ECF No. 22, p. 17). However, stating that facts *might* be discovered that would render the exclusion unenforceable under California law does not give Plaintiff fair notice of any of its affirmative defenses. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("eHelp's general allegations also do not provide Qarbon with fair notice of the grounds for the defenses. A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."). Moreover, MRVK fails to explain why it is unable to discover from its own records whether the assault and/or battery exclusion was contained in its initial insurance policy, and, if it was not, whether it was provided clear and conspicuous notice of the exclusion in a later renewal policy.

Even excusing MRVK's speculation, its argument fails. As ACIC contends, assuming that the assault and/or battery exclusion were contained for the first time in the renewal policy at issue here, MRVK had clear and conspicuous notice of it. Notably, the policy contains a general change endorsement stating that "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." (ECF No. 1-2, p. 2). The policy contains a schedule of forms and endorsement which functions as an index, and lists, among other exclusions, the following: "EXCLUSION – ASSAULT AND/OR BATTERY." (*Id.* at 6). Further, the assault and/or battery exclusion is contained on its own page and features a heading at the top stating, "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." (*Id.* at 12). Underneath this heading in the largest sized font on the page, it states, "EXCLUSION – ASSAULT AND/OR BATTERY." (*Id.*). Below that, the applicable exclusion language states as follows:

> This Insurance does not apply to:
> A. Any claims arising out of Assault and/ or Battery, including actual or alleged Sexual Assault and/ or Sexual Battery; or
> B. Any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons; or
> C. Claims, accusations or charges of negligent hiring, placement, training or

> supervision arising from any of the foregoing are not covered.
>
> We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.
>
> All other terms and conditions of the policy remain unchanged.

(*Id.*).

Importantly, MRVK has offered no explanation for how it was not "provide[d] proper notice" of this exclusion. (ECF No. 22, p. 16). And the Court concludes that it is "clear because a reasonable purchaser of insurance would have . . . understood it" and conspicuous because it is "placed and printed so that it will attract the reader's attention." *Northfield Ins. Co.*, 530 F. Supp. 3d at 964 (internal citations and quotation marks omitted).

### b.     Third-party conduct

MRVK's next argument is based on a page of the policy indicating that third parties "Bass Underwriters, Inc." and "Coast Valley Insurance" were involved in the issuance of the policy. (ECF No. 1-2, p. 5; ECF No. 22, p. 17). MRVK states that, whether these third parties were "agents" or "brokers" of insurance may be material, because, if they were agents, ACIC would be bound by their representations under California law. Thereafter, it asserts that, "to the extent that Bass and/or Coastal Valley were acting as the agent(s) of ACIC in issuing the ACIC policy to MRVK, and failed to properly explain, provide notice to—or indeed, misrepresented the scope of coverage provided by way of the ACIC policy to MRVK, MRVK may be precluded from asserting the assault/battery limitation against MRVK in connection with the Underlying Action." (*Id.* at 18). In connection with this argument, MRVK asks the Court to take judicial notice of the California Department of Insurance's licensing database records for Bass Underwriters, Inc. and Coast Valley Insurance, which records identify each as a "Broker-Agent" for casualty insurance. (ECF No. 22-1, pp. 2, 4, 11).

ACIC offers several counterarguments, but for purposes of the motion, the Court need only address one—that MRVK's argument is based on speculation. (ECF No. 23, p. 6). The Court agrees. MRVK presents no material facts on this issue but instead states that facts could be discovered precluding judgment on the pleadings—*i.e.*, Bass Underwriters, Inc. and Coast Valley Insurance could be discovered to be agents of ACIC, could have misrepresented the scope of coverage, and those misrepresentations could preclude ACIC from relying on the assault and/or

11

battery exclusion. Such speculation fails to provide "fair notice" of any of MRVK's affirmative defenses. Moreover, because it is immaterial for purposes of the motion for judgment on the pleadings whether Bass Underwriters, Inc. and Coast Valley Insurance were agents or brokers, the Court will recommend that MRVK's request for judicial notice be denied as unnecessary.

### c. Independent counsel

MRVK's final argument alleges that, by filing this suit, ACIC created a conflict of interest and was required to provide it "independent counsel" in the state court case, with its failure to do so preventing it from relying on the assault and/or battery exclusion. (ECF No. 22, p. 19). ACIC responds that "MRVK utterly fails to demonstrate an actual conflict." ECF No. 23, p. 16).

One court has explained the general rule governing this issue as follows:

> Generally, an insurer owing a duty to defend an insured, arising because there exists a potential for liability under the policy, has the right to control defense and settlement of the third party action against its insured, and is . . . a direct participant in the litigation. The insurer typically hires defense counsel who represents the interests of both the insurer and the insured.

*Centex Homes v. St. Paul Fire & Marine Ins. Co.*, 19 Cal. App. 5th 789, 797 (2018). However, California Civil Code § 2860(a) provides the insured "with the right to obtain independent counsel paid for by [the insurer] whenever their competing interests create an ethical conflict for counsel." *Centex Homes v. St. Paul Fire & Marine Ins. Co.*, 237 Cal. App. 4th 23, 30 (2015). California Civil Code § 2860(b), notes as follows regarding when a conflict of interest arises:

> [A] conflict of interest does not exist as to allegations or facts in the litigation for which the insurer denies coverage; however, when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist."

§ 2860(b).

"Perhaps the most common situation in which a conflict of interest exists and independent . . . counsel is required occurs when the insured's allegedly wrongful conduct could be found to be intentional, with coverage thus depending on the ultimate characterization of the insured's actions." *Long v. Century Indem. Co.*, 163 Cal. App. 4th 1460, 1471 (2008).

Here, MRVK asserts that ACIC's duty to provide it independent counsel was triggered by ACIC's filing of this lawsuit, citing *James 3 Corp. v. Truck Ins. Exch.*, 91 Cal. App. 4th 1093,

1101, *as modified* (Aug. 23, 2001), which states that "circumstances that *may* create a conflict of interest requiring the insurer to provide independent counsel include . . . where the insurer has filed suit against the insured, whether or not the suit is related to the lawsuit the insurer is obligated to defend") (citing *Truck Ins. Exch. v. Fireman's Fund Ins. Co.*, 6 Cal. App. 4th 1050, *reh'g denied and opinion modified* (June 10, 1992)) (emphasis added). However, review of the case that *James 3 Corp.* cited for this proposition reveals that such circumstances are not present here. Notably, *Truck Insurance Exchange* concerned a defendant's motion to disqualify a law firm from acting as plaintiff's counsel in a lawsuit because that firm also represented the defendant in a separate action. *Truck Ins. Exch.*, 6 Cal. App. 4th at 1055. Ultimately, the California Court of Appeals affirmed the trial court's order disqualifying the law firm under a Rule of Professional Conduct "prohibiting an attorney from representing two or more clients at the same time whose interests conflict, unless there is informed written consent." *Id.*

Here, MRVK admits that its appointed counsel in the state court action is the law firm of Clinton & Clinton. This firm does not represent either party in this instant action. Accordingly, the circumstances creating the conflict based on concurrent representation in *Truck Insurance Exchange* are not present here. Moreover, MRVK fails to cite any other circumstance that has created a conflict of interest. Importantly, it makes no argument that Clinton & Clinton's defense of it in the underlying state court action can be manipulated to undermine its coverage position in the instant action. *See Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1421-22 (2002) ("It is only when the basis for the reservation of rights is such as to cause assertion of factual or legal theories which undermine or are contrary to the positions to be asserted in the liability case that a conflict of interest sufficient to require independent counsel, to be chosen by the insured, will arise.") (citations omitted).

For the reasons given above, the Court concludes that no material issue of fact remains to be resolved.

### B.     Judgment as a Matter of Law

The Court next considers whether ACIC is entitled to judgment as a matter of law. As an initial matter, MRVK does not contest ACIC's argument that the terms of the assault and/or battery exclusion apply to the shooting, nor that ACIC would be entitled to reimbursement for its

defense costs if it has no duty to defend the state court case. Turning to ACIC's argument, the Court agrees that *Northfield Insurance Company* is instructive here.

As that case noted, "[t]he interpretation of an insurance policy is governed by state law" with the court first looking to the plain meaning of the policy. *Northfield Ins. Co.*, 530 F. Supp. 3d at 962. Ultimately, that case determined that a policy providing that coverage "does not apply to . . . '[b]odily injury' or 'property damage' arising out of any act of 'assault' or 'battery' committed by any person, including any act or omission in connection with the prevention or suppression of such 'assault' or 'battery,'" precluded coverage for a shooting at a bar, because, by all definitions, the shooting was a battery. *Id.* at 963. The same holds true here.

The policy excludes coverage for "[a]ny claims arising out of assault and/or battery" and "[a]ny act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of [the insured], [its] employees or volunteers, patrons or any other persons." (ECF No. 1-2, p. 12). The state court case's allegations that MRVK was negligent in providing sufficient security to prevent the shooting at the bar falls squarely within the policy's exclusion of omissions involving the prevention of batteries. Accordingly, ACIC is entitled to as a matter of law to a declaration that it has no duty to defend the state court case. *See Certain Underwriters at Lloyd's of London v. WorldOne Presents, LLC,* 417 F. Supp. 3d 1283, 1290 (E.D. Cal. 2019) (concluding that there was no coverage for stabbing occurring at a concert given the policy's assault and battery exclusion and collecting cases applying "similar exclusionary language to bar coverage").

Likewise, the Court determines that ACIC is entitled to a declaration that it receive reimbursement for the defense costs paid to defend MRVK in the underlying action. *Northfield Ins. Co.*, 530 F. Supp. 3d at 969 ("If an insurer tenders a defense and adequately reserves its rights, it may indeed seek reimbursement for defense costs for any claims in an underlying action that are not covered by the insurance policy. This is because California law clearly allows insurers to be reimbursed for attorney's fees and other expenses paid in defending insureds against claims for which there was no obligation to defend.") (internal citations and quotation marks omitted).

\\\

## V.      CONCLUSION AND RECOMMENDATIONS

As discussed above, MRVK has failed to adequately plead any affirmative defense in its answer. This remains true if the Court were to consider the factual allegations that MRVK includes for the first time in its opposition. Upon review of the pleadings, ACIC has demonstrated that there is no material issue of fact to be resolved and that it is entitled to judgment as a matter of law.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff ACIC's motion for judgment on the pleadings (ECF No. 18) be granted;
2. The District Judge declare that:
    a. Defendant MRVK is not entitled to coverage, including defense and/or indemnity, in connection with the underlying Stanislaus County Superior Court (Case Number CV-19-006990);
    b. Plaintiff ACIC is entitled to reimbursement for the defense costs paid in connection with the underlying Stanislaus County Superior Court (Case Number CV-19-006990); and
3. Defendant MRVK's request for judicial notice (ECF No. 22-1) be denied.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within fourteen (14) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 6, 2022**                     /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

15